**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CAMIA TIFFANY GAMET,

                Petitioner,                      Case Number: 17-14172
                                                  Honorable Mark A. Goldsmith

v.

SHAWN BREWER,

                Respondent.

                                               /

**OPINION & ORDER**
**(1) GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND HOLD**
**HABEAS PETITION IN ABEYANCE (Dkt. 3), (2) DENYING WITHOUT PREJUDICE**
**PETITIONER'S MOTION FOR FEDERAL EVIDENTIARY HEARING (Dkt. 4), AND**
**(3) ADMINISTRATIVELY CLOSING CASE**

Petitioner Camia Tiffany Gamet, a Michigan state prisoner, filed a petition for a writ of

habeas corpus under 28 U.S.C. § 2254 (Dkt. 1). Gamet challenges her state-court conviction for

first-degree murder. The petition raises six grounds for relief. Gamet also filed a Motion to Stay

Proceedings and Hold Habeas Petition in Abeyance (Dkt. 3) and a Motion for Federal Evidentiary

Hearing (Dkt. 4). She wishes to return to state court to exhaust several additional claims. For the

reasons set forth, the Court will grant the motion to stay, deny the motion for evidentiary hearing

without prejudice, establish conditions under which Gamet must proceed, and administratively

close the matter.

**I. BACKGROUND**

Gamet was convicted following a jury trial in Jackson County Circuit Court. On March 5,

2014, she was sentenced to life imprisonment. She filed an appeal of right in the Michigan Court

of Appeals raising these claims: (i) insufficient evidence supported her conviction; (ii) trial court

error in denying motion to suppress her statement to police; (iii) trial court error in admitting other

acts evidence; (iv) trial court error in excluding evidence of victim's propensity for violence; (v) trial court error in admitting inadmissible hearsay evidence; (vi) judicial bias; (vii) ineffective assistance of counsel; and (viii) trial court error in failing to instruct the jury on manslaughter. The Michigan Court of Appeals affirmed Gamet's conviction. People v. Gamet, No. 324181, 2016 WL 555850 (Mich. Ct. App. Feb. 11, 2016). The Michigan Supreme Court denied Gamet's application for leave to appeal. People v. Gamet, 885 N.W.2d 282 (Mich. 2016).

On December 21, 2017, Gamet filed the instant petition. She raises essentially the same claims raised on direct review in state court. She also seeks a stay in this case to allow her to raise three additional claims in state court: ineffective assistance of counsel, prosecutorial misconduct, and judicial bias/prejudice.

## II. DISCUSSION

A federal habeas petitioner must first exhaust all available remedies in state court. 28 U.S.C. § 2254(b). A federal court may stay a federal habeas corpus proceeding pending resolution of state post-conviction proceedings. See Rhines v. Weber, 544 U.S. 269, 276 (2005) ("District courts do ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion.") (citations omitted). In Rhines, the Supreme Court held that a federal court may stay a petition for habeas corpus relief and hold further proceedings in abeyance while a petitioner exhausts unexhausted claims if outright dismissal of the petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust state court remedies, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory tactics." Id. at 278. The Rhines decision concerned a mixed habeas petition; that is, the petition presented both claims that had been properly exhausted in state court and claims that had not. Id. at 272-273. The petition at issue in this case raises only

exhausted claims.  While <u>Rhines</u> did not address staying fully exhausted petitions, courts in this district have held that a court may stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts.  <u>See, e.g.,</u> <u>Thomas v. Stoddard</u>, 89 F. Supp. 3d 937 (E.D. Mich. 2015).  Other federal courts have also allowed for stays of fully exhausted federal habeas corpus petitions.  <u>See</u> <u>Mena v. Long</u>, 813 F.3d 907, 910 (9th Cir. 2016) (holding that a district court has discretion to issue stays in cases of fully exhausted petitions); <u>Doe v. Jones</u>, 762 F.3d 1174, 1181 (10th Cir. 2014) (a district court may consider a <u>Rhines</u> stay even in the case of an unmixed petition).

Where a habeas petition presents only exhausted claims, the Court may either adjudicate the exhausted claims while the petitioner simultaneously exhausts additional claims in state court or stay the petition while the petitioner seeks state-court collateral relief.  This Court's decision whether to grant a stay is informed "by the potential for parallel federal habeas and state post-conviction proceedings and <u>Rhines</u>."  <u>Thomas</u>, 89 F. Supp. 3d at 942-943.  The Court finds that Gamet's additional claims raise a proper basis for a stay.

Gamet's claims raise constitutional issues upon which habeas relief <u>may</u> be granted. Beyond that, the Court cannot evaluate the merits of these claims.  It is best that the claims be first addressed and decided by the state courts, which may conduct an evidentiary hearing or otherwise allow Gamet to supplement the record in accordance state law.  The Court anticipates no prejudice to Respondent in staying the petition.  Further, if the Court denied the stay and decided the petition before Gamet completes state-court collateral review, Gamet would need to satisfy a very high burden to receive authorization to file a successive habeas petition under 28 U.S.C. § 2244(b)(2). Gamet also has alleged good cause for failure to exhaust her state court remedies.  She alleges that appellate counsel was ineffective for failing to raise these issues on direct appeal, which raises a

claim of constitutional magnitude. Further, outright dismissal of the petition could jeopardize the timeliness of a future petition because only approximately one week remains in the applicable one-year limitations period.

Accordingly, the Court grants Petitioner's Motion to Stay Proceedings and Hold Petition in Abeyance (Dkt. 3). Gamet must file a motion for relief from judgment in state court within 60 days of entry of this order. Within 60 days after the conclusion of state-court post-conviction proceedings, Petitioner may move to amend her petition to add the newly-exhausted claims and to reopen this proceeding. To avoid administrative difficulties, the Court orders the Clerk of Court to close this case for statistical purposes only. Nothing in this order shall be considered a disposition of the petition.

Further, the Court denies without prejudice Petitioner's Motion for Federal Evidentiary Hearing (Dkt. 4).

SO ORDERED.

Dated: July 13, 2018                          s/Mark A. Goldsmith
      Detroit, Michigan                  MARK A. GOLDSMITH
                                       United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 13, 2018.

                                       s/Karri Sandusky
                                       Case Manager